# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RASHAD ALI IBRAHIM, :
:
    Petitioner, :
:
v. : No. 4:18-CV-956
:
ERIC TICE, : (Judge Brann)
:
    Respondent. :

## MEMORANDUM OPINION

### JANUARY 29, 2019

## I. BACKGROUND

Rashad Ali Ibrahim, an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield), filed this *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Smithfield Superintendent Eric Tice. Service of the Petition was previously ordered.

Following a November 2016 jury trial in the Court of Common Pleas of York County, Pennsylvania, Petitioner was convicted of arson and related offenses. On January 30, 2017, Ibrahim was sentenced to an aggregate two (2) to four (4) year term of imprisonment.

Petitioner filed a counseled direct appeal to the Superior Court of Pennsylvania. Ibrahim's appeal raised three claims: prosecutorial misconduct; abuse of discretion by the trial court in allowing the admission of opinion testimony; and that the evidence was insufficient to support a finding of guilt on the arson charge. On April 18, 2018, the Superior Court denied relief. This petition was thereafter filed.

Ibrahim raises three arguments for federal habeas corpus relief. First, he contends that the Commonwealth failed to prove each element of arson beyond a reasonable doubt because there was no evidence establishing that he intentionally set the fire. Next, it is alleged that the Commonwealth failed to prove each element of the crimes of risking catastrophe and criminal mischief. Third, Petitioner maintains that the trial court improperly instructed the jury on flight as evidence of consciousness of guilt.

Respondent argues that Petitioner "failed to exhaust available state court remedies" and has not established "that the state level courts were unreasonable in the application of the law." Doc. 13, p. 25.

Presently pending is Ibrahim's "motion to stay." Doc. 16, p. 1. Ibrahim's motion requests that these proceedings be stayed "in order to preserve my rights until the outcome of my Supreme Court case." *Id*.

## II. DISCUSSION

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless the applicant has exhausted the remedies available in the courts of the state; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. However, a Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." *Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001). "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo,* 548 U.S. 81, 92 (2006) (internal citations omitted); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45

(1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The Supreme Court of the United States in *O'Sullivan* explained that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *Id*. at 847. The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, that is to say whether he has fairly presented his claims to the state courts. *See id.* at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. *Evans v. Court of Common Pleas*, 959 F. 2d 1227, 1230 (3d Cir. 1992); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under Pennsylvania's Post Conviction

Relief Act (PCRA), and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding.  *Evans*, 959 F.2d at 1230.

The Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  However, in both *Rhines v. Weber*, 544 U.S. 269 (2005) and *Crews v. Horn*, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed federal habeas corpus petition (one containing both exhausted and unexhausted claims).  Both *Rhines* and *Crews* addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1).

*Rhines* recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court.  *Rhines*, 544 U.S. at 277.  Our Court of Appeals in *Crews* similarly recognized that in order to avoid an unfair result "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  *Crews*, 360 F.3d at p. 154 (internal citations omitted).

Ibrahim's pending motion in the matter at hand appears to indicate that he has a matter pending before the Supreme Court of Pennsylvania. Given the liberal consideration afforded to *pro se* litigants, it appears that Petitioner is seeking a stay so that he can attempt to obtain state court review of unexhausted claims. As in *Crews*, Ibrahim should not face the prospect of forfeiting federal court review of any issues. In this regard, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments.

Recognizing that Ibrahim may not have any additional time in which to file a new federal habeas petition if he returns to pursue further state court review, *Crews* counsels in favor of allowing the state courts the initial opportunity to review any unexhausted claims. Petitioner's request for a stay of litigation in this case will therefore be granted so that he may complete state review of any pending, unexhausted federal claim.

In the event that the state courts refuse to entertain such review, Petitioner may return to this Court and seek review of any unexhausted claims or he may elect to solely proceed with his exhausted claims.

## III.  CONCLUSION

In order to keep this matter moving forward, within thirty (30) days of disposition of Petitioner's state court proceedings, he shall file a written status

report with this Court. That status report shall include a copy of the relevant state court disposition.

Failure to timely file the required written status report may be deemed a failure to prosecute.

Upon demonstration by Petitioner that his relevant state court proceedings have concluded, the stay issued in this matter will be lifted. Until such time, this matter will be marked closed for administrative purposes.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge