# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RASHAD ALI IBRAHIM,

       Petitioner,

    v.

ERIC TICE, *et al.*,

       Respondents.

No. 4:18-CV-00956

(Chief Judge Brann)

## MEMORANDUM OPINION

### SEPTEMBER 30, 2021

*Pro se* petitioner Rashad Ali Ibrahim ("Ibrahim"), who is incarcerated in the State Correctional Institution-Smithfield ("SCI-Smithfield"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a criminal conviction and sentence in the York County Court of Common Pleas. The petition is ripe for disposition. For the reasons that follow, the petition will be denied.

## I. BACKGROUND

The Pennsylvania Superior Court has succinctly summarized much of the relevant factual background and procedural history.[1] On March 27, 2015, a fire occurred in a garage at the residence of Delba Lauger ("Lauger"), Ibrahim's ex-girlfriend.[2] Lauger and Ibrahim had gotten into an argument approximately two

---

[1] *See Commonwealth v. Ibrahim*, No. 450 MDA 2017, 2018 WL 1835707, at *1-2 (Pa. Super. Ct. 2018).

[2] *Id.* at *1.

hours before the fire started.[3]  The two parted ways after the argument and Lauger

went home.[4]  Shortly after she got home, she heard the door to her garage shut,

looked outside, and saw a person leaving the garage.[5]  She did not see the person's

face, but observed that the person's build and height were consistent with

Ibrahim's build and height and that the person was wearing clothing identical to

the clothing that Ibrahim was wearing when she had seen him earlier that evening.[6]

After seeing the person exit the garage, Lauger heard her car alarm going off

from the garage.[7]  She went to the garage to check on the car, at which point she

observed that the car was fully engulfed in flames, with fire spreading to the rest of

the garage.[8]  Lauger called the police to report the fire.[9]

Subsequent investigation revealed other evidence linking Ibrahim to the

fire.[10]  Ibrahim was observed on surveillance footage at a nearby grocery store

approximately twenty minutes before the fire started purchasing a can of lighter

fluid and a pack of lighters.[11]  The surveillance footage showed Ibrahim wearing

the same clothing that he wore during the earlier argument with Lauger and the

same clothing that Lauger subsequently observed on the individual exiting her

---

[3]   *Id.*
[4]   *Id.*
[5]   *Id.*
[6]   *Id.*
[7]   *Id.*
[8]   *Id.*
[9]   *Id.*
[10]  *Id.*
[11]  *Id.*

garage.[12]  The cashier at the grocery store, Kayla McKinney ("McKinney"), also stated that Ibrahim was on his cellphone while checking out and told the person on the other end of the phone call that "he had a feeling that he was going to be going to jail that night."[13]

After the fire at Lauger's residence was extinguished, David Kahley ("Kahley"), a detective with the West York police department, investigated the scene of the fire.  He discovered a red cap which appeared to be from a can of lighter fluid on the floor of the garage next to Lauger's car.[14]  Kahley subsequently went to the grocery store where Ibrahim had been observed buying lighter fluid and compared the cap to the brand of lighter fluid that Ibrahim had purchased.[15]  Kahley observed that the cap found at the scene of the fire was identical to the cap on the brand of lighter fluid that Ibrahim had purchased.[16]

After investigating the scene of the fire and obtaining evidence from the grocery store, Kahley obtained Ibrahim's home address and went to that location.[17]  Kahley observed that the door to Ibrahim's apartment was hanging open, that there were very few items in the apartment, and that there was no clothing or personal

---

[12]  *Id.*
[13]  Doc. 13-1 at 123.
[14]  *Id.* at 138.
[15]  *Id.* at 143-44.
[16]  *Id.*
[17]  *Id.* at 155.

items left in the apartment.[18]  Kahley subsequently testified that it "appear[ed] that the defendant had vacated the residence in a hurry."[19]  Ibrahim was later arrested and charged with arson and several related offenses.[20]

Following a jury trial, Ibrahim was found guilty on all counts on November 9, 2016.[21]  On January 30, 2017, Ibrahim was sentenced to 2-4 years imprisonment and was ordered to pay restitution to the owner of the property where Lauger rented her home.[22]  Ibrahim moved for a post-sentence judgment of acquittal on February 8, 2017.[23]  The trial court denied the motion on February 13, 2017, and Ibrahim appealed to the Superior Court on March 9, 2017.[24]

On appeal, Ibrahim raised four issues:

1. Was the evidence at trial insufficient for a jury to convict Ibrahim beyond a reasonable doubt of arson and related charges because the prosecution never established that a crime was committed;

2. Did the court err in allowing the Commonwealth to request a jury instruction on "flight" and "consciousness of guilt" after closing arguments which resulted in Ibrahim being denied the opportunity to rebut the evidence during trial;

---

[18]  *Id.*

[19]  *Id.* at 156.

[20]  *Ibrahim*, 2018 WL 1835707, at *1; *Commonwealth v. Ibrahim*, No. CP-67-CR-8008-2015 (York Cty. filed Dec. 14, 2015).  Ibrahim was specifically charged with arson endangering property – reckless endangerment of inhabited buildings; arson – intent to destroy an unoccupied building; risking catastrophe; two counts of criminal mischief/intentionally, recklessly, or negligently damaging property; reckless burning or exploding of property having value exceeding $5,000; and arson with intent to collect insurance.  *Ibrahim*, No. CP-67-CR-8008-2015.

[21]  *Ibrahim*, 2018 WL 1835707, at *1.

[22]  *Id.*

[23]  *Id.*

[24]  *Id.*

4

3. Did the court err in allowing inadmissible hearsay; and

4. Did the court abuse its discretion in admitting certain opinion testimony of Charles Zienkiewicz.[25]

The Superior Court held that Ibrahim had waived his sufficiency of evidence arguments with respect to all charges other than arson, because his appellate briefing only made arguments with respect to the arson charges.[26]  The court upheld the jury's verdict with respect to the arson charges, holding that the Commonwealth had presented sufficient evidence for the jury to convict Ibrahim.[27]

With respect to the jury instruction on flight and consciousness of guilt, the Superior Court held that the trial court's instruction violated Pennsylvania Rule of Criminal Procedure 647, but found that that this did not entitle Ibrahim to relief because Ibrahim had not suffered any prejudice as a result of the trial court's error.[28]  The Superior Court also rejected Ibrahim's arguments regarding hearsay evidence and expert testimony.[29]

Ibrahim filed the instant case on May 7, 2018.[30]  Respondents responded to the petition on November 13, 2018, and Ibrahim filed a reply brief in support of his

---

[25]  *Id.* at *2.
[26]  *Id.*
[27]  *Id.* at *4.
[28]  *Id.* at *4-6.
[29]  *Id.* at *6-9.
[30]  Doc. 1.

petition on December 10, 2018.[31]  On December 20, 2018, Ibrahim moved to stay the case so that he could preserve his ability to seek relief before the Pennsylvania Supreme Court.[32]  The Court granted the motion on January 29, 2019, staying the case and directing Ibrahim to notify the Court when state proceedings concluded.[33]

Ibrahim filed a petition for allowance of appeal to the Pennsylvania Supreme Court on February 11, 2019.[34]  The petition was returned as untimely on March 8, 2019.[35]  In light of that fact, the Court ordered Ibrahim to notify the Court whether he intended to file any additional documents with the Pennsylvania Supreme Court.[36]  Ibrahim filed a letter on April 18, 2019, indicating that he did not intend to file any additional documents with the Pennsylvania Supreme Court and requesting that the Court lift the stay in this case.[37]

The Court granted Ibrahim's request and lifted the stay on April 23, 2019.[38] The Court granted Respondents an opportunity to file a supplemental response identifying any exhaustion efforts that occurred while the case was stayed.[39] Respondents filed a supplemental response on May 31, 2019, which incorporated the updated procedural history of this case but otherwise was unchanged from

---

[31]   Docs. 13, 15.
[32]   Doc. 16.
[33]   Doc. 19.
[34]   *See* Doc. 20.
[35]   *Id.*
[36]   Doc. 22.
[37]   Doc. 23.
[38]   Doc. 24.
[39]   *Id.*

Respondents' earlier response.[40]  Ibrahim did not file a reply brief in support of the petition, and the deadline for doing so has expired.  Accordingly, the petition is ripe for disposition.

Subsequent to the petition in this case becoming ripe, Ibrahim filed a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") in Pennsylvania state court on July 23, 2019.[41]  The PCRA court denied the petition as untimely, and the Superior Court affirmed the denial of the PCRA petition on May 8, 2020.[42]

## II.   DISCUSSION

Ibrahim's petition raises two grounds for relief: (1) that the Commonwealth did not introduce sufficient evidence for the jury to convict him and (2) that the trial court erroneously instructed the jury on flight and consciousness of guilt in violation of Pennsylvania Rule of Criminal Procedure 647.[43]  Respondents argue that Ibrahim's sufficiency of evidence argument should be denied as procedurally defaulted with respect to all charges other than arson and that Ibrahim's other

---

[40]  *See* Doc. 25 at 6.
[41]  *See Commonwealth v. Ibrahim*, 237 A.3d 423 (Pa. Super. Ct. 2020).
[42]  *Id.*
[43]  Doc. 1.

arguments should be denied on their merits.[44]  I will analyze each of Ibrahim's arguments and the Respondents' respective responses *seriatim*.

### A.   Procedural Default

Under the procedural default doctrine, a federal court ordinarily may not consider a state prisoner's claim for habeas corpus relief if the claim has not been raised in state court in accordance with the procedural requirements of the state.[45] Therefore, "when the state court denies a claim because the prisoner failed to comply with a procedural rule, that procedural default normally bars federal courts from re-hearing the claim."[46]  In such a situation, the federal court may only reach the merits of the claim if the petitioner shows either (1) cause for the procedural default and prejudice resulting from the alleged violation of federal law or (2) that a fundamental miscarriage of justice would occur if the federal court did not consider the claim on its merits.[47]  One way in which a petitioner may establish that a fundamental miscarriage of justice would occur is if he can make "a compelling claim of actual innocence."[48]

---

[44]   Doc. 13 at 13-14.  Because Respondents' supplemental response is identical to their original response with the exception of updates to the procedural history section, *see* Doc. 25 at 6, I will cite to Respondents' original response (Doc. 13) when summarizing their arguments.

[45]   *Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

[46]   *Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 759 (3d Cir. 2018) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

[47]   *Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002) (citing *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)).

[48]   *House v. Bell*, 547 U.S. 518, 522 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 319-22 (1995)).

In this case, the Superior Court found that Ibrahim had waived his sufficiency of evidence argument with respect to all charges other than the charge for arson under 18 Pa.C.S. § 3301(c)(2).[49]  Ibrahim does not make any arguments as to why the Court should excuse this procedural default.  Accordingly, I will reject as procedurally defaulted Ibrahim's sufficiency of evidence argument with respect to all charges other than arson under 18 Pa.C.S. § 3301(c)(2).

## B.    Jury Instruction

Ibrahim argues that he is entitled to habeas corpus relief because the trial court instructed the jury on flight and consciousness of guilt after closing arguments in violation of Pennsylvania Rule of Criminal Procedure 647.[50] Respondents argue that habeas corpus relief should be denied as to this argument because the Superior Court's decision that Ibrahim did not suffer prejudice as a result of the trial court's error was reasonable and not contrary to clearly established federal law.[51]

Ibrahim's argument fails for a more fundamental reason: it does not allege that any violation of federal law occurred in the state court proceedings.[52]  Federal

---

[49]  *Ibrahim*, 2018 WL 1835707, at *2.

[50]  Doc. 1 at 6.

[51]  Doc. 25 at 15.

[52]  *See* Doc. 1 at 6 ("After closing arguments and without trial counsel having had [an] opportunity to rebut, the trial court in violation of Pa.R.Crim.P. 647 instructed the jury on flight and consciousness of guilt.").

courts may not grant habeas corpus relief based on violations of state law.[53]
Accordingly, I will deny Ibrahim's petition to the extent that it seeks habeas corpus
relief based on a violation of the Pennsylvania Rules of Criminal Procedure.  I will
proceed to the merits of Ibrahim's petition only as to his argument that the
Commonwealth did not introduce sufficient evidence to convict him of arson under
18 Pa.C.S. § 3301(c)(2).

### C.    Merits

This case is governed by the Antiterrorism and Effective Death Penalty Act
of 1996 ("AEDPA"), which sets standards for the review of habeas corpus
petitions brought by state prisoners.  AEDPA states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.[54]

---

[53]  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citing *Estelle v. McGuire*, 502 U.S. 62, 67
(1991)).

[54]  28 U.S.C. § 2254(d).

The standard for obtaining habeas corpus relief under AEDPA is "difficult to meet."[55]  Federal habeas corpus relief is meant to guard against "extreme malfunctions in the state criminal justice systems" and is not meant to substitute for "ordinary error correction through appeal."[56]  "Federal habeas courts must defer to reasonable state-court decisions,"[57] and may only issue a writ of habeas corpus when the state court's decision "was so lacking in justification" that its error was "beyond any possibility for fairminded disagreement."[58]

Habeas corpus relief may be granted if the government has failed to introduce sufficient evidence to convict the petitioner of a charged offense beyond a reasonable doubt.[59]  The relevant question in such a case is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[60]  A court "must look to state law for 'the substantive elements of the criminal offense,'" but "the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law."[61]

---

[55] *Mays v. Hines*, 592 U.S. __, 141 S. Ct. 1145, 1149 (2021) (quoting *Harrington*, 562 U.S. at 102).

[56] *Harrington*, 562 U.S. at 102-03 (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)).

[57] *Dunn v. Reeves*, 594 U.S. __, 141 S. Ct. 2405, 2407 (2021).

[58] *Mays*, 141 S. Ct. at 1149 (quoting *Harrington*, 562 U.S. at 102).

[59] *Jackson*, 443 U.S. at 317-19.

[60] *Id.* at 319 (emphasis in original).

[61] *Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (quoting *Jackson*, 443 U.S. at 324 n.16).

When a sufficiency of evidence argument has been considered on its merits in state court, the petitioner "faces a high bar in federal habeas proceedings" because the court must apply "two layers of deference."[62]  The jury's verdict may only be set aside if no rational trier of fact could have agreed with the verdict, and the federal court may only set aside the state court's review of the jury's verdict if the state court's decision to uphold the verdict was objectively unreasonable.[63]

In this case, Ibrahim argues that there was insufficient evidence to convict him of arson under 18 Pa.C.S. § 3301(c)(2).  A person commits arson under that statute if he:

> intentionally starts a fire or causes an explosion, whether on his own property or that of another, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, and if . . .  he thereby recklessly places an inhabited building or occupied structure of another in danger of damage or destruction . . . .[64]

In order to secure a conviction for arson, the Commonwealth must prove "(1) that there was a fire; (2) that it was of incendiary origin; and (3) that appellant set the fire."[65]  To establish arson in violation of Section 3301(c)(2), the Commonwealth must additionally prove that the defendant's actions placed an inhabited building or occupied structure of another in danger of damage or

---

[62]  *Lambert v. Warden Greene SCI*, 861 F.3d 459, 467 (3d Cir. 2017).

[63]  *Id.* (citing *Coleman*, 566 U.S. at 650).

[64]  18 Pa.C.S. § 3301(c)(2).

[65]  *Commonwealth v. Ford*, 607 A.2d 764, 766 (Pa. Super. Ct. 1992) (citing *Commonwealth v. Galloway*, 448 A.2d 568, 571 (Pa. Super. Ct. 1981)).

destruction.[66]  A conviction for arson "may be based solely on circumstantial evidence."[67]

The Superior Court considered Ibrahim's sufficiency of evidence argument on its merits and concluded that there was sufficient evidence for the jury to find Ibrahim guilty of arson.[68]  That court acknowledged that "no one actually saw Ibrahim start the fire," but concluded that there was "ample circumstantial evidence" from which it was reasonable to convict Ibrahim of arson.[69]  The Superior Court specifically noted that Ibrahim had a motive to start the fire based on his earlier argument with Lauger, that he purchased lighter fluid and a lighter at a nearby grocery store shortly before the fire started, that the cashier at the grocery store overheard him saying that he thought he would be going to jail that night, that he was seen leaving Lauger's garage shortly before the fire was observed, and that a red cap was found at the scene of the fire that matched exactly the cap from the bottle of lighter fluid that Ibrahim had recently purchased.[70]

Ibrahim argues that the Superior Court's decision was unreasonable because buying lighter fluid and a lighter does not imply that the person is going to commit arson, "the same as a person buying a gun and bullets" does not imply that the

---

[66]   18 Pa.C.S. § 3301(c)(2).
[67]   *Ford*, 607 A.2d at 766 (citing *Commonwealth v. Trafford*, 459 A.2d 373 (1983)).
[68]   *See Ibrahim*, 2018 WL 1835707, at *2-4.
[69]   *Id.* at *4.
[70]   *Id.* at *3-4.

person is going to commit a murder.[71]  Ibrahim also notes that Lauger equivocated in some of her statements as to whether she had seen Ibrahim at the scene of the fire and that the Commonwealth "never proved that the fire was started by lighter fluid."[72]

I find that the Superior Court's decision was reasonable and was not contrary to clearly established federal law.  As the Superior Court noted, there was ample circumstantial evidence to convict Ibrahim of arson.  Ibrahim had gotten into an argument with Lauger earlier in the evening; he was observed buying lighter fluid and a lighter at a grocery store near the location of the fire shortly before the fire started; he was overheard saying that he thought he was going to be arrested that night; he was seen exiting the garage shortly before the fire was observed in the garage; and a red cap found at the scene of the fire matched exactly the cap from the bottle of lighter fluid that he had purchased.  I will therefore deny Ibrahim's sufficiency of evidence argument.

## III.   CONCLUSION

For the foregoing reasons, Ibrahim's petition for writ of habeas corpus will be denied with prejudice.  A certificate of appealability will not be issued because

---

[71]   Doc. 15 at 8.
[72]   Doc. 15 at 8-9.

no reasonable jurist would disagree with my ruling or conclude that the issues

presented are adequate to deserve encouragement to proceed further.[73]

An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[73]  *Buck v. Davis*, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).